**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ashley Lopez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:20-cv-1239 |
| | ) | |
| MidState Collection Solutions, Inc., an | ) | |
| Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ashley Lopez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, Ashley Lopez ("Lopez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Prairie State College.

4.      Defendant, MidState Collection Solutions, Inc. ("MidState"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails, credit reporting and/or the telephone to collect, or attempt to collect, defaulted consumer debts. MidState operates a defaulted debt collection business, and attempts to collect debts from consumers in several states, including consumers in the State of Illinois. In fact, Defendant MidState was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.     Defendant MidState is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant MidState conducts extensive business in Illinois by writing to, calling, and making credit reports on, hundreds of Illinois consumers.

## FACTUAL ALLEGATIONS

6.     Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to Prairie State College. Defendant MidState attempted to collect this debt from her via a negative credit report. Not knowing who Defendant MidState was, and unsure of the amount of the debt, Ms. Lopez consulted with counsel about her debt issues and the debt that MidState was trying to collect.

7.     Accordingly, Ms. Lopez's attorney wrote to Defendant MidState, via a letter dated November 25, 2019, to dispute the debt MidState was trying to collect. A copy of this letter and facsimile confirmation are attached as Exhibit B.

8.     On February 5, 2020, Ms. Lopez obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant MidState had continued to report the debt, but had failed to note that the debt was disputed. The pertinent parts of Ms. Lopez's TransUnion and Experian credit reports are attached as

Group Exhibit <u>C</u>.

9.      Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and distressed Ms. Lopez.

10.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, <u>see</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, <u>see</u> 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); <u>see</u> <u>also</u>, <u>Evans v. Portfolio  Associates</u>, 889 F.3d 337,

3

346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14.     Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18.     Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Ashley Lopez, prays that this Court:

4

1.      Find that Defendant's collection practices violate the FDCPA;

2.      Enter judgment in favor of Plaintiff Lopez, and against Defendant, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Ashley Lopez, demands trial by jury.

Ashely Lopez,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  February 20, 2020

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com